# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-20242-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**MARK SCOTT GRENON**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on the United States of America's Motion for a Protective Order Governing the Disclosure of Private Health Information, Sensitive Financial Information, and Personal Identification Information [ECF No. 80]. Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The United States is authorized to disclose private health information, sensitive financial information, and personal identification information in its possession that the United States believes necessary to comply with its discovery obligations.

Defendant, MARK SCOTT GRENON, shall hold the discovery materials in strict confidence, that the Defendant may disclose the discovery materials to other people *only* to the extent necessary to assist in his defense of this matter, and that the Defendant may not post the discovery materials to the internet or publicly disseminate the information in any other way.

Defendant shall advise any person to whom the discovery materials are disclosed pursuant to the terms of this Protective Order that the materials must be held in strict confidence, and that the recipient may not further disclose or disseminate the materials in any way, including by posting the information to the internet.

CASE NO. 21-20242-CR-ALTONAGA

Defendant shall maintain a log listing each person to whom the discovery materials are disclosed, which shall be available for the Court's inspection as appropriate.

Defendant shall obtain a certification from each person to whom the discovery materials are disclosed, in which the recipient: (1) acknowledges these restrictions as set forth in this Protective Order of the Court; and (2) agrees that he or she will not disclose or disseminate the materials without express consent of the Defendant, including by posting the information to the internet. The Defendant shall not disclose discovery to any person until that person has signed such a certification and provided the signed certification to the Defendant. The Defendant shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such materials were first disclosed.

Violations of this Order by the Defendant, or by any person to whom the Defendant discloses the discovery materials, may result in sanctions, contempt of court, or any other punishment which the Court may deem appropriate; and

Furthermore, upon conclusion of the above captioned case, copies of the discovery materials disclosed to the Defendant pursuant to the terms of this Order shall be destroyed or returned to the United States.

Nothing in this Protective Order shall preclude the parties from presenting redacted versions of the documents to witnesses and/or offering such documents as exhibits at trial.

**DONE AND ORDERED** in Miami, Florida, this 5th day of August, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Defendant, Mark Scott Grenon