UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20242-CMA-1

UNITED STATES OF AMERICA,

v.

MARK SCOTT GRENON,

    Defendant.

_____/

## DETENTION ORDER

    Pursuant to 18 U.S.C. § 3142(f), the Court held a hearing on August 2, 2022, upon the Government's Motion pursuant to 18 U.S.C. § 3142(f)(2), to determine whether to detain Defendant Mark Scott Grenon before and until the conclusion of trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Furthermore, the Court finds that Defendant presents a serious flight risk. As such, the Court **ORDERS** the detainment of Defendant Mark Marshall before and until the conclusion of trial.

    Pursuant to 18 U.S.C. § 3142(i), the Court makes the following factual findings and statement of the reasons for the detention:

    1.    Defendant is charged by indictment with conspiracy to defraud and commit offenses against the United States in violation of 18 U.S.C. § 371, criminal contempt-temporary restraining order in violation of 18 U.S.C. § 401(3), and criminal contempt-preliminary injunction in violation of 18 U.S.C. § 401(3).

    2.    Defendant, age 64, was born in Norwood, Massachusetts. Defendant reported that he traveled to about 70 countries in the past ten years as part of his missionary work. Prior to his

incarceration in Bogota, Colombia, which began on August 10, 2020, Defendant reportedly resided in Santa Marta, Colombia for about 11 years and traveled back and forth to Bradenton, FL, where his wife and children reside.

3. The Government proffered the following facts at the hearing on August 2, 2022: Defendant and his co-defendants manufactured and sold Miracle Mineral Solution ("MMS")—a chemical solution containing sodium chlorite and water, which became a bleaching agent when ingested. Defendant sold MMS through the Genesis church. Defendant and his co-defendants claimed that this drug could cure illnesses including COVID-19. The FDA did not approve MMS or the statements about its usage. In a civil action, Defendants were enjoined from distributing MMS. Defendant and his co-defendants defied U.S. District Judge Kathleen M. Williams' order to cease distributing MMS. In fact, Defendant and his co-defendants signed a letter addressed to Judge Williams, which stated, "[we are] NOT bound to obey [the order]." Defendant signed a different letter addressed to Judge Williams, which stated, "We are practicing 'civil disobedience' against this unjust order! . . . Civil disobedience is permitted in the US Constitution[,] peaceably of course at first[,] if possible . . . [but] [t]he 2nd Amendment is there in case it can't be done peaceably." Defendant stated the following about Judge Williams in a podcast: "You think we're afraid of some Obama-appointed judge that broke their oath? . . . This judge could go to jail . . . . You could be taken out Ms. Williams . . . . [W]e're not obeying." Defendant made reference to another "Waco" on Judge Williams' hands.

4. Defendant was arrested on these charges as noted above in Colombia after his sons, co-defendants herein, were arrested. Knowing that they had been arrested, and that charges too were pending against him, Defendant communicated with U.S. Marshals and expressed an

intention to fly back voluntarily to surrender. He did not, and rather, fought the United States' extradition efforts for almost two years.

5. At the detention hearing, Defendant did not challenge the Government's proffer, declined to question the agent, and solely traveled on a challenge to the Court's jurisdiction.

6. According to the Government, if convicted for violating 18 U.S.C. § 371 and 18 U.S.C. § 401(3), under the expected advisory guideline sentencing range Defendant faces between 210-262 months imprisonment.

7. Based on the foregoing, the Court finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Furthermore, the Government has proven by a preponderance of evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required. Defendant openly defied an order of this Court, threatened an officer of this Court, and now faces the prospect of significant incarceration.

8. Having considered the facts and circumstances of the offense, nature, and characteristics of Defendant and being otherwise apprised of the circumstances, the undersigned finds that no conditions or combination of conditions exist to reasonably assure the safety of the community as required by 18 U.S.C. § 3142(e). Accordingly, the Court hereby directs:

    a. That Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    b. That Defendant be afforded reasonable opportunity for private consultation with counsel; and

  c. That, on the order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2022.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Mark Grenon, *Pro se*
Hon. Kathleen Williams
Pretrial Services (Miami)