FILED BY MC D.C.
OCT 26 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
Plaintiff

v.                              CASE NO: 21-20242-CR-ALTONAGA

MARK SCOTT GRENON
Defendent

## DEFENDS MOTION TO DISMISS FOR FAILURE TO PROVIDE A SPEEDY TRIAL AND PROSECUTORIAL MISCONDUCT

DEFENDANT, MARK SCOTT GRENON respectfully moves the Court to dismiss the above-entitled cause on the grounds that this case has been pending for years and I have not received a speedy trial.

1. I was arrested and taken into custody on August 10th, 2020.

2. The Prosecutor, after all the time I have been incarcerated, just moved for a psychiatric evaluation without good cause and without proper notice, and certainly for the purpose of extending my incarceration and with the specific purpose of depriving me of my rights to a speedy trial.

3. I have never consented to any extensions of time and demand a speedy trial in order to prove my innocence and prove that the prosecution has proceeded with this case in bad faith, without cause, and has concealed material evidence which is exculpatory and the People have concealed that information in order to obtain an advantage at trial.

4. I am informed, believe, and thereon allege that the People are in possession of videos, books, and records which show the substance for which I am accused of possessing is in fact, a cure for many illnesses, and the information in their possession shows that the material would save others lives.

5. The concealment of that information they possess deprives me of the affirmative defense of defense of others.

6. I do not have this evidence due to my incarceration; I have to rely on the people to provide a copy of what they were provided.

7. The information they possess shows that the substances are not dangerous, and the pharmacy companies have suppressed patents to prevent this medical cure from being distributed, and that information would be and is a material affirmative defense.

8. That the Prosecutor, in addition to concealing material evidence, has continued to keep me incarcerated by different motions and means, depriving me of a speedy trial, and the most recent tactic is the use of a psychiatric evaluation without any cause or evidence that I am now suddenly in need of such an evaluation after being in their custody for more than two years.

9. Clearly, the Prosecutorial misconduct is exacerbated by the fact that they are intending to cause severe emotional distress by placing me in an institution with dangerous psychotic individuals and subjecting me to unnecessary medical treatment, drugs, and testing solely to delay my right to a speedy trial and to prevent me from having a fair trial.

10. Defendants continued detention was caused by the People's lack of a proper policy or procedure to ensure timely psychological evaluations for inmates in its custody.

11. The People had two years within which to request and complete an

evaluation, now, suddenly, when trial is being scheduled, the People move to have the Defendant evaluated without any cause.

12. The People are responsible for his continued detention, which violated the Defendant's constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments.

13. Defendant's rights were violated by the detention pending the psychiatric evaluation, as well as the delay in either a speedy trial or release.

14. The Defendant has been held in custody without bail.

15. The Defendant has been denied sources to prepare for his defense.

16. The continued delay in obtaining a speedy trial amounts to a due process violation.

17. There can be no doubt that Defendant's continued detention for two years before the evaluation even was requested or did not take place, affected a liberty interest protected by the Fourteenth Amendment. See, e.g., Vitek v. Jones, 445 U.S. 480, 491-94, 100 S.Ct. 1254, 63 L.Ed. 2d 552 1341"1" 1341 (1980) ("[T]he transfer of a [convicted] prisoner from a prison to a mental hospital must be accompanied by appropriate procedural protections."); Jackson v. Indiana, 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed. 2d 435 (1972) ("At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the Individual is committed."); Lynch v. Baxley, 744 F. 2d 1452, 1463 (11th Cir. 1984) ("We forbid the use of jails for the purpose of detaining persons awaiting involuntary commitment proceedings, finding that to do so violates those persons' substantive and procedural due process rights."). The due process clause is therefore implicated by Defendant's prolonged detention. See generally Zinermon v. Burch, 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed. 2d 100 (1990) ("[T]he Court has usually held that the Constitution requires some kind of a hearing before the state

deprives a person of liberty or property.") (emphasis in original). Here, there was not a proper hearing before continuing the trial, delaying the trial, and requesting an evaluation without any cause whatsoever. There is no articulable reason why I would be sent for evaluation after spending two years in custody without incident.

18. To determine whether a procedural due process violation occurred, a court must decide "what process the state provided and whether it was constitutionally adequate." Id. at 126, 110 S.Ct. 975. "This inquiry... examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by any statute or tort law." Id. Here, the People made the request solely to deprive me of my Constitutional right to a speedy and public trial.

19. When a government actor deprives an individual of liberty by violating a state law which, if complied with, would have provided pre-deprivation process, that person has suffered a procedural due process violation. See Zinermon, 494 U.S. at 138, 110 S.Ct. 975.

20. Studies exist which are exculpatory and the Defendant has learned that the prosecution was provided that information from an amicus group who believes in the safety and effectiveness of the substances which the Defendant is being charged with possessing.

21. That information could have, and should have been shared since the People were ORDERED by this Court to share ALL exculpatory evidence.

22. The attached shows that the information was provided by USPS PRIORITY MAIL, RETURN RECEIPT to the People, and they did NOT share the same with the Defendant.

23. As a result, the Defendant is entitled to an immediate dismissal of this action.

24. Florida law also provides a mechanism for the involuntary

commitment of the mentally ill, commonly referred to as the Baker Act. See FLA. STAT. §§ 394.451 et seq. The Act protects the rights of those committed to mental institutions against their will by requiring a competency evaluation with 72 hours. See § 394.463.

25. The Act mandates such an evaluation, even for patients who are unable to make a determination that evaluation is necessary. See § 394.463(1)(a).

26. Again, there is no evidence that anyone, including the People, complied with the Baker Act.

27. Nothing in the record indicates that the Defendant was ever asked whether he would submit to an evaluation, and there is no suggestion that he was unable to make that determination for himself.

28. More importantly, the Defendant was not evaluated with 72 hours.

29. Defendant was not provided or offered the procedures set forth in § 907.041, Rules 3.131 or 3.210, or Florida's Baker Act.

## Conclusion

This case has gone well beyond the well within 30-day limit set forth in the Speedy Trial Act, 18 U.S.C. § 3161(b) and the continued abuse of processes by the Prosecutor by concealing exculpatory evidence and seeking and obtaining an unnecessary psychiatric evaluation is sufficient for this Court to immediately dismiss this complaint and order the immediate release of the Defendant.

Respectfully submitted this 18th day of October, 2022.

Signed reserving all my rights, without prejudice, and demanding a speedy trial and release:

BY: Grenon, Mark-Scott, WITHOUT UNITED STATES - FOR NAMED DEFENDANT DBA MARK SCOTT GRENON

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was sent to the following people in the specified manner on the 18th day of October, 2022.

Prosecutors Michael Homer and John Shipley, Jr.
99 NE 411 St. Miami, FL, 33132

Certified Mail # 7018 1130 0001 3034 3034

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

Certified Mail # 7018 1130 0001 3034 3010

# ATTACHMENT

Dear Mark, Jorden, Jonathan and Joseph,

Health and Healing one step at a time SSM would like to inform you that the men and women here at this PMA are behind you and would like to send donations and support in any way possible; we would like to thank you for helping us to fix thousands of men and women with your share of the Miracle - Chlorine Dioxide; we have sent all of this research USPS # E1073-040-442 us to the Prosecuting attorneys in hopes that they can see the mistake that they are making with prosecuting men for trying to help save peoples lives; we sent the book: The Universal Antidote / The Science and Story of Chlorine Dioxide sent links to all of the videos for the PA to watch and sent the study on Alcide ~~uddeegold~~ uddeegold platinum and it states "the safety of the product for humans and the environment is acceptable".

Blessings anthony

