# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **1:21-CR-20242-ALTONAGA(1)** |
| **MARK SCOTT GRENON** | § USM Number: **13153-510** |
| | § |
| | § Counsel for Defendant: *Pro se* |
| | § Counsel for United States: **Michael B. Homer** |

The defendant was found guilty by a jury as to Count 1 of the Indictment.
The defendant is adjudicated guilty of the following offense:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 371 / Conspiracy To Defraud and To Commit Offenses Against the United States | July 20, 2020 | 1 |

The defendant is sentenced as provided in the following of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**October 6, 2023**
Date of Imposition of Judgment

*Cecilia M. Altonaga* (signature)
Signature of Judge

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**October 6, 2023**
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                               Judgment -- Page 2 of 7

DEFENDANT: MARK SCOTT GRENON
CASE NUMBER: 1:21-CR-20242-ALTONAGA(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months**.

☒  The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:          MARK SCOTT GRENON
CASE NUMBER:        1:21-CR-20242-ALTONAGA(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: MARK SCOTT GRENON
CASE NUMBER: 1:21-CR-20242-ALTONAGA(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 40 hours per week) at a lawful type of employment, unless the Court excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the Court excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: MARK SCOTT GRENON
CASE NUMBER: 1:21-CR-20242-ALTONAGA(1)

## SPECIAL CONDITIONS OF SUPERVISION

**Employment Requirement:** The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Travel** – The defendant may not travel outside the Southern District of Florida until the restitution has been paid in full.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                            Judgment -- Page 6 of 7

DEFENDANT:            MARK SCOTT GRENON
CASE NUMBER:      1:21-CR-20242-ALTONAGA(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|            | Assessment | Restitution | Fine      | AVAA Assessment* | JVTA Assessment** |
|------------|-----------|-------------|-----------|------------------|-------------------|
| **TOTALS** | $100.00   | $1,948.00   | $5,000.00 |                  |                   |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution with Imprisonment –

It is further ordered that the defendant shall pay restitution in the amount of **$1,948.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $50.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 15% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        MARK SCOTT GRENON
CASE NUMBER:      1:21-CR-20242-ALTONAGA(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payment of $100.00 due immediately. The fine is payable over the term of Supervised Release.

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> U.S. CLERK'S OFFICE
> ATTN: FINANCIAL SECTION
> 400 NORTH MIAMI AVENUE, ROOM 8N09
> MIAMI, FLORIDA 33128-7716

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

> Restitution in the amount of $1,948.00 is joint and several with the codefendants.

> Forfeiture of the defendant's right, title, and interest in certain property is hereby ordered consistent with the plea agreement. If there is to be forfeiture, the United States shall submit a proposed order of forfeiture within three (3) days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.