UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
Plaintiff,
v.
MARK SCOTT GRENON,
Defendant.

FILED BY _____ D.C.
JUN 23 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No.: **1:21-cr-20242**

## MOTION TO PERMIT INTERNATIONAL TRAVEL FOR MEDICAL AND FAMILY SUPPORT

COMES NOW Defendant, Mark Scott Grenon, appearing pro se, and respectfully moves this Honorable Court to grant permission for temporary international travel to the Republic of Colombia for medical and humanitarian reasons, pursuant to this Court's inherent authority over the conditions of supervised release under 18 U.S.C. § 3583(e). In support of this motion, the Defendant states as follows:

## I. BACKGROUND

1. The defendant is presently serving a term of supervised release imposed by this Court, with approximately 15 months remaining. He has been fully compliant with all terms of supervised release since its commencement.
2. Defendant requests permission to temporarily travel to Colombia for family reunification and medical support. His wife, María Angélica Torrenegra Sarmiento, is a Colombian national, whom he lawfully married in the State of Utah on November 4, *2024,* after maintaining a committed relationship since August 2011 and was married in Colombia March 16, 2016, in a Common Law ceremony.
3. On November 16, 2024, the Defendant filed a Form I-130 Petition for Alien Relative with U.S. Citizenship and Immigration Services (USCIS) (Case No. IOE9138136575, which remains pending due to visa backlogs.
4. Defendant is recovering from mitral heart valve repair February 22, 2024, recent hernia surgery May 2025 and a large soft tumor removal June 2025. His wife is his only primary caregiver and emotional support system, which is critical to his physical and mental well-being.
5. Permission for limited travel is sought solely to facilitate this caregiving support while reunification is delayed.

## II. LEGAL AUTHORITY

6. The Court retains broad discretion to modify conditions of supervised release at any time under 18 U.S.C. § 3583(e)(2), which states:

"The court may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration... after considering the factors set forth in section 3553(a)..."

7. The factors under 18 U.S.C. § 3553(a) that are relevant include:

- The history and characteristics of the defendant.
- The need to provide medical care and correctional treatment.
- The need to promote rehabilitation.
- The nature of the underlying offense.
- The protection of the public.
- The need to avoid unnecessary hardship or infringement on constitutionally protected rights.

8. Federal courts have consistently recognized that international travel may be authorized during supervised release upon a showing of good cause, compliance, and compelling personal or medical reasons. See, e.g.:

- **United States v. Lowe**, 632 F.3d 996, 998 (7th Cir. 2011) ("Conditions of supervised release may be modified to reflect changed circumstances.");
- **United States v. Nonahal**, 338 F.3d 668, 671 (7th Cir. 2003) (recognizing court's broad discretion to allow or deny travel during supervision based on the totality of circumstances);
- **United States v. Spinelle**, 41 F.3d 1056 (6th Cir. 1994) (modification may be appropriate where supervision goals are being met and hardship is demonstrated).

9. Moreover, continued separation from Defendant's spouse imposes significant hardship on his Fifth Amendment liberty interest in maintaining familial association. See **Moore v. City of East Cleveland**, 431 U.S. 494 (1977).

---

## III. GOOD FAITH PROPOSAL FOR CONDITIONS

10. In good faith, Defendant proposes the following reasonable conditions to safeguard public and court interests while abroad:

- Submission of full travel itinerary, contact information, and medical details to the U.S. Probation Office;
- Regular remote check-ins as required by the supervising officer;
- Defined travel dates and advance return date;
- Compliance with any additional safeguards imposed by the Court.

11. This request is made sincerely, in the interest of health, rehabilitation, family support, and continued compliance with the purposes of supervised release.

## IV. CONCLUSION

WHEREFORE, Defendant Mark Scott Grenon respectfully requests that this Honorable Court authorize his temporary travel to Colombia under reasonable conditions, as outlined above, and grant such other relief as the Court deems just and proper.

Respectfully submitted this *23rd day of June, 2025*.

Mark Scott Grenon
Phone Number: 1-941-264-8066
gmark777@gmail.com
4759 S Congress Ave. #282
Lake Worth, Fl. 33461
1-941-264-8066
gmark777@gmail.com

By: _____
Javier Solano, Esq.